UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NORTH JERSEY INTERNAL MEDICINE, P.C. d/b/a ADVANCE MEDICAL GROUP, a New Jersey Corporation,

*Plaintiff*,

v.

SUHEL AHMED, M.D., ALL HEALTH MEDICAL GROUP, P.C., and MARION BOBB-MCKOY, M.D.,

*Defendants*.

No. 23-cv-00863 (MEF)(MAH)

**OPINION and ORDER**

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the allegations and procedural history of this case.

\* \* \*

A medical practice[1] sued two of its former employees[2] and their current employer,[3] in part for allegedly stealing confidential data.

From here, the medical practice is "the Plaintiff," and the employees and their employer are, collectively, "the Defendants."

---

[1] North Jersey Internal Medicine, P.C. d/b/a Advance Medical Group.

[2] Suhel Ahmed and Marion Bobb-McKoy.

[3] All Health Medical Group, P.C.

One of the Plaintiff's claims: the Defendants violated the Computer Fraud and Abuse Act ("CFAA").  See Second Amended Complaint ("Complaint") ¶¶ 162-70.

* * *

The Defendants now move to dismiss the CFAA claim (Count III) under Federal Rule of Civil Procedure 12(b)(6).  See Motion to Dismiss at 1.

The motion is denied.

* * *

To make out a CFAA claim, a plaintiff must allege, among other things, that he or she has "suffer[ed] damage."  18 U.S.C. § 1030(g).

"Damage," per the CFAA, is "any impairment to the . . . availability of data . . . or information."  18 U.S.C. § 1030(e)(8).

The Defendants' motion to dismiss argument: the Plaintiff has not alleged "damage."  See Motion to Dismiss at 1-2.

Not so.

The Complaint alleges that "wiping software . . . [was] used on the [relevant] laptop."  Complaint ¶ 111 (cleaned up).  And this meant, it is alleged, that certain local information on the laptop (as to what files were allegedly deleted) could no longer be accessed.  See id.

This amounts to an allegation that there was "an[] impairment to the . . . availability of data . . . or information."  18 U.S.C. § 1030(e)(8).  Certain "data . . . or information" was "availab[le]."  But no longer --- access to that "data . . . or information" was blocked ("impair[ed]") by the alleged use of wiping software.

Bottom line: the Plaintiff's allegations[4] work.

And federal court decisions from around the Nation backs up this conclusion.  See Int'l Airport Ctrs., LLC, v. Citrin, 440 F.3d 418, 419-20 (7th Cir. 2006) (reversing the dismissal of a CFAA claim based, in part, on allegations that a "secure-erasure program" "prevent[ed] [the] recovery" of deleted files from a

---

[4]  At least the ones at paragraphs 110-13 of the Complaint.

2

laptop), abrogated on other grounds by Van Buren v. United States, 593 U.S. 374 (2021); see also Cheney v. IPD Analytics, LLC, 2009 WL 1298405, at *6 (S.D. Fla. Apr. 16, 2009) ("Permanent deletion of files from a laptop computer without authorization . . . may constitute 'damage' under CFAA."); Patrick Patterson Custom Homes, Inc. v. Bach, 586 F. Supp. 2d 1026, 1035 (N.D. Ill. 2008) (allowing CFAA claim to go forward based on allegations that software "damage[d]" a laptop by "render[ing] [files] unrecoverable"); Se. Mech. Servs., Inc. v. Brody, 2008 WL 4613046, at *14 (M.D. Fla. Oct. 15, 2008) (similar); Lockheed Martin Corp. v. Speed, 2006 WL 2683058, at *8 (M.D. Fla. Aug. 1, 2006) (granting a motion to dismiss a CFAA claim when a plaintiff did not adequately allege the "permanent deletion" of files from computers); cf. PolyOne Corp. v. Lu, 2015 WL 3919115, at *7 (N.D. Ill. June 25, 2015) (denying a motion to dismiss based on allegations that a consultant was hired to look into, among other things, "whether computer wiping software was used") (cleaned up); Grant Mfg. & Alloying, Inc. v. McIlvain, 2011 WL 4467767, at *8 (E.D. Pa. Sept. 23, 2011) (on summary judgment, implying there was no CFAA "damage" because "the records marked for deletion were still available and accessible"); Pharmerica, Inc. v. Arledge, 2007 WL 865510, at *7–*8 (M.D. Fla. Mar. 21, 2007) (on a motion for preliminary injunction, finding a likelihood of success on the merits of a CFAA claim based, in part, on allegations of permanent deletion of data on a laptop).[5]

---

[5] The Supreme Court has somewhat recently said that "damage" under the CFAA "focus[es] on technological harms --- such as the corruption of files[.]" Van Buren v. United States, 593 U.S. 374, 391–92 (2021). This seems to be dicta. See In re McDonald, 205 F.3d 606, 612 (3d Cir. 2000). But whether it is or is not does not matter for now. The reason: the Plaintiff's Complaint here plausibly alleges "corruption," Van Buren, 593 U.S. at 392, of otherwise-available information. Without the alleged placement of wiping software on the relevant laptop, certain information (as to the deletion of files) would allegedly have been available. See Complaint ¶ 111. Making that information unavailable is "corruption." See Corruption, Oxford English Dictionary, https://www.oed.com/dictionary/corruption_n?tab=meaning_and_use#8220790 (last visited Jan. 29, 2025) ("The introduction of flaws into software or data, esp. such that it becomes unusable or inaccessible by normal procedures."); cf. Corruption, Merriam-Webster, https://www.merriam-webster.com/dictionary/corruption (last visited Jan. 29, 2025) (a "departure from the original or

3

In conclusion: because the Plaintiff has plausibly-enough alleged damage based on the allegation of "wiping software," its CFAA claim can go forward.

\* \* \*

A note before moving on.

The Plaintiff also alleges other types of CFAA "damage." See Complaint ¶¶ 79-81, 97, 99-102, 117, 169. These allegations may or may not pass muster under the CFAA. See Plaintiff's Opposition to Motion to Dismiss at 10-17; see also Socialedge, Inc. v. Traackr, Inc., 2024 WL 1533624, at *5 (S.D.N.Y. Apr. 9, 2024); Above & Beyond --- Bus. Tools & Servs. for Entrepreneurs, Inc. v. Wilson, 2022 WL 17742726, at *7 (D.N.J. Sept. 1, 2022); Psychas v. Dist. Dep't of Transp., 2019 WL 4644503, at *11 (D.D.C. Sept. 24, 2019); Sealord Holdings, Inc. v. Radler, 2012 WL 707075, at *5; Telquest Int'l, Corp. v. Dedicated Bus. Sys., Inc., 2009 WL 3234226, at *2 (D.N.J. Sept. 30, 2009); Carnegie Strategic Design Eng'rs, LLC v. Cloherty, 2014 WL 896636, at *4 (W.D. Pa. Mar. 6, 2014); Chas S. Winner, Inc. v. Polistina, 2007 WL 1652292, at 4 n.7 (D.N.J. June 4, 2007).

But the Defendants' motion to dismiss here has already been denied --- because there is, as noted above, at least one class of alleged "damage" that clears the Rule 12(b)(6) bar. Whether additional forms of damage might also provide a basis for relief --- this is a question that can be pressed as may be appropriate later, when pre-trial motions in limine are filed, for example.

\* \* \*

The motion to dismiss the CFAA claim (Count III) is denied.

IT IS on this 29th day of January, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

from what is pure or correct," and citing as an example "the corruption of computer files"); see generally Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (a district court is "required to accept as true all factual allegations in the complaint and draw all inferences . . . in the light most favorable to [a plaintiff]").

4